Illinois Appellate Court, 6th Division is now in session. Our Justice Robert G. Gordon, good night. Good morning to all. Would the lawyers who are going to argue this case please approach and introduce yourself. You understand you have 15 minutes. You should reserve some time for rebuttal for the appellate. Your Honor, I'm Steve Jokic. I represent the plaintiff appellates in this case. New York Confederation of State County Municipal Employees and the Associated Public Defenders. And I'd like to reserve three minutes of my time for rebuttal. Good morning, Your Honor. Karen Dimon, Assistant State's Attorney. And I represent the defendant at Belize, that is the County of Cook, and Todd Stroger. All right, let's proceed. Case number 10-3322, American Federation of State v. County of Cook, Illinois. May it please the Court, as I indicated, my name is Steve Jokic and I'm here representing the plaintiff appellates. We're here today appealing both the procedure that the circuit court used and the substantive result that the circuit court came to in this case. I think the Court has some familiarity with the case because the issues of the case were the subject of prior litigation and an appeal. After the appeal in Burnett v. Stroger was decided, the lawsuit of the plaintiffs in this case was refiled and the defendants moved to dismiss. The motion to dismiss was briefed and argued. You understand that we read the briefs? Yes, and at the conclusion of the argument, the judge granted the motion to dismiss with respect to count two of the complaint, but not with respect to count one. And there's an order that reflects that, and everybody understood that that was what the Court was doing when we left the courtroom that day. Because right after we left the courtroom, the State's Attorney filed a motion to certify issues for appeal. And that argument was briefed as well, and we went in front of Judge Taylor again on September 13th. And on September 13th, Judge Taylor issued an opinion that was an unusual opinion, because it seemed, if you read part of the opinion, to go back on what he had done on June 20th. This was on a motion to dismiss the complaint, though, right? Actually, this was on the motion to certify questions for appeal. Okay. And ultimately, it turned into a matter where the complaint was, in fact, dismissed. That's correct. So why do we care, since our review is de novo, what the trial court did or didn't do? I think that you care because as a matter of proper procedure, if the judge had decided to change his mind between June 20th and September 13th and October 4th, he should let us know and say, come in and argue it or file a brief or do something. And that's the point of the case. So your complaint is really one involving procedure before the trial judge? I'm sorry, Your Honor. Do you think you really should have the opportunity, you think, to have argued a dismissal under 2615 on the grounds that he dismissed it? That's exactly right, Your Honor. And why don't you leave it up to us to decide? And I'm fine with that, Your Honor. No, you're not. What's that? No, you're not. Actually, I am. But it's a legitimate issue. He would prefer to be back in the trial court and to have him change his mind about the whole business about whether or not you have a cause of action. He held that we had a cause of action. And depending on whether you read the September 13th order or the October 4th order, he either held that the labor board had exclusive jurisdiction or that it had primary jurisdiction. And I think in order for us to proceed in an orderly manner, it's important to know what's on the circuit court's mind. And that's why we raised this issue and that's why we brought it to your attention. Do we really care what was on the circuit court's mind? Well, I think in the normal course, circuit court judges would say yes and we would say yes. He ultimately dismissed count one on a 2-6-15 motion. Right? Right. So why should we even care what his reason is? Well, suppose that... As long as it's properly before us and you agree it's properly before us. The appeal, yes, of course. The only question is whether you think it would be better for us as a matter of comedy, I suppose, than as a favor to you to send it back and let the trial judge reconsider his reasons. The normal course is to give the trial judge the first crack. Right. If you, as a court, believe the trial judge has had enough of a crack, I'll be happy to proceed to the merits because we think we have a strong argument on the merits of the case as well. That's what we'd like you to get into. Okay. Probably would be your best approach. That's fine. Because we don't really care what the trial court did. On the merits, the trial court held that this case should have been brought before the local labor relations board instead of before the circuit court. And we think that that holding is flatly contrary to binding Illinois Supreme Court precedent. But in order for us to reach that particular decision, we have to agree with you that you have a private right of action under the statute. I agree. Because it's a statutory claim that you're making. I agree. Which you're basically saying is that these employees have the right, independently of the public defender himself, to bring this action on their own behalf. I agree. And if you want me to go to that argument, I'll go there. Well, that probably would be a good place to start. Well, since it was decided in my favor below, and it was decided in my favor on the basis of this court's decision in Burnett, we thought we had a pretty good argument. Because in the Burnett case, the county conceded that the employees had a legitimate case that they could bring to the court. They didn't say where. There was a court action, all right? And I don't think anybody was thinking about the labor board. And you're right. You could say. Was it a statutory cause of action? It was. Yes, it was. Was it a common law cause of action based on something else? Excuse me, Your Honor. I'm sorry. Was it a common law cause of action based on something other than the statute? It was based upon the statute. Okay. Because the statute. Do you think our predecessors in Burnett really impliedly found that there was a private cause of action for the employees themselves? I do. I think that that was the thrust of the appellate courts. I'm sorry. I didn't mean to interrupt you. How could they find it when it wasn't an issue in the case? It was an issue in the case because there was an intervention petition pending. But it was stayed and it wasn't before the appellate court? Only the court can interpret its own decision, okay? And I'm cognizant of that, all right? And only the court can say that we really found that. I thought you were a very good lawyer, and I understand where you're coming from. I don't know whether I agree with you yet, but I understand where you're coming from. And what I would say on the merits of whether a private cause of action is appropriate is this. That's what I would like to hear about. The point of the statute is to prevent the president of the county board from interfering with the efficient administration of the public defender's office. And that policy applies to individual employment decisions as much as it applies to broader interference with the operation of the public. Well, that's a matter of debate, isn't it? Well, it is a matter of debate or else we wouldn't be here, Your Honor. But I would say this. The reason why you have an independent public defender's office is that there's a constitutional obligation to make sure that every criminal defendant gets their day in court. And the reason why you have an independent office is because criminal defendants are not popular. Well, he's only independent up to a point. He's – this statute goes further than almost any other statute that I'm aware of. He doesn't have any control over how much money the county board gives him. That's right. But once the county board makes the decision with respect to the money, then the president doesn't have the authority to undermine that decision of the county board. And I think that's what you – I do think that that's the very thrust of your opinion in the Burnett case. And I think that was decided adversely to the defendants in the Burnett case. Now, the cases that the defendants rely on – I would imply his position that he really is the one who has to bring the action on behalf of his employees. And that they don't have an individual right. I think the individual public defenders have a duty of loyalty to their clients under Illinois law. And that is a duty of loyalty that – And that's independent of their duty to their boss, the public defender? I think it is. I think it is. Is this case about duty and loyalty? Well, I think it distinguishes the cases that the defendants rely on. Because I think it's one thing to talk about somebody who works in a nursing home. And it's another thing to talk about a lawyer who has a duty of loyalty to a specific client. And who has to defend the interests of that client. And has to do so even if the client is very unpopular in the community and politically. And I think that the purpose of the statute is to prevent political officials from interfering in both the office and in individual cases. Now, let me ask you that. What you're saying is all good and maybe even right. But don't we have a collective bargaining agreement here? We do have a collective bargaining agreement. We have a collective bargaining agreement. Isn't there some way in this case that the trial court would have to interpret that agreement? No. Tell me how that happens. Well, the collective bargaining agreement obviously cannot give up the preexisting legal terrain and powers of the public defender and the county board and the employees. And as a result, there are two separate issues here. One would be under the contract and one would be under the legal framework that surrounds the appointment and employment of public defenders. And, you know, the whole point of the Supreme Court in the Gonzales case was even where you had union employees, the fact that they had another cause of action didn't mean that they had to go through the collective bargaining agreement to assert that cause of action. And otherwise, employees without collective bargaining agreements would be better off with respect to their statutory rights. And there's nothing sort of in the Public Labor Relations Act that says if you have a collective bargaining agreement, you all of a sudden lose your right to enforce other statutes. And there are many cases that deal with that issue. Some of them are cited in our brief. One is Local 1274 v. Illinois Federation of Teachers at 276 Allap Third. There's a case involving the teacher collective bargaining agreement in Chicago, the Daniels case. That's 277 Allap Third. And there's a case from the Fourth District called Local 1894 v. Hull-Sample. That's at 201 Allap Third. And all of those cases say that they're the same. If you could educate me on a point that I'm confused about. Sure. If you took this to the Illinois Labor Relations Board and you did not get everything that you wanted, you still have the right to come back here, don't you? Well, there is a difference between holding that the board has exclusive jurisdiction and holding that the board has primary jurisdiction. There is not a case on that point that I know of in Illinois. And the judge in his lower court order on this precise point once referred to primary jurisdiction and in the other order referred to exclusive jurisdiction. Well, how do you get around Quist v. Board of Trustees? Excuse me, Your Honor? How do you get around the Illinois case of Quist v. Board of Trustees? Well, that was a case where there was an issue of contract interpretation that was necessary to the cause of action. Now, we haven't seen, and there's a small exception in this, but on the merits of this dispute, the defendants haven't pointed to any provision of the contract that must be construed in order to resolve the merits. Now, the defendants do say, well, in order to resolve damages, you'd have to look at the contract. And that is probably correct, but there is abundant federal case law on this very point, and I know this because I've lost these cases, Your Honor, that says just because you have to look at the collective bargaining agreement to calculate the amount of back pay doesn't mean that you have to go through the collective bargaining agreement if you have some other remedy. Does the consent decree that the public defender entered into in the Burnett case detract from your position at all? I think it supports our position because one of the things that's in the consent decree is that it's for the benefit of the employees of the Office of the Public Defender. And I think that that is a concession by the defendants in this case that they were supposed to benefit from the holding in the Burnett case that the president of the county board didn't have the legal authority to interfere in the operations of the public defender with respect to the types of decisions that we're talking about here. So I think it helps us. You don't think it's just the public defender who has the right to assert that right? The employees also have the right. I think that that... Is that basically what you're saying? Well, I think the trial court was right to say that we couldn't go forward under the consent decree because the actions that we complained of occurred before the consent decree. But I think if the actions were to happen again, I think there would be an argument that we could go forward under the consent decree because I think it was meant to benefit the employees as well. And I think it also... So you went either way? Well, you know, I like cake. What can I say? And I think that goes to the point that if you have multiple arrows in your quiver, as a plaintiff you're entitled to decide which ones you're going to use in a particular case. I'd like to address the jurisdiction of the labor board for a second. And that's because the jurisdiction of the labor board is over the issue of bargaining. And the law with respect to bargaining is that you have an obligation to bargain. It's the obligation to talk until you're exhausted, until you're at an impasse. All right? But once you're at an impasse, once you've exhausted all discussion, the employer can go ahead and implement it. The issue in this case is whether the employer had the power to implement it. And that's something that is an issue of law, of public law for the courts to decide. That's not something that the labor board gets any expertise with. Didn't we decide that in Burnett? I think that's exactly what Burnett holds. And I think the court in Burnett held that the... The employer is the one who has the right to decide which employee gets laid off. Assuming that he's... Let's say he just has to lay off one employee. He gets to pick that employee. I think that... Or does he have to collectively bargain that issue? It would depend on the reason for the layoff. Let's say it was just money. If the layoff was money, he would have to discuss it before he did it. I agree. That would be our position. And if we couldn't come to an agreement and if we exhausted the discussions, he had the right to go forward. I think that would be the appropriate result. Okay. So on the Labor Act, I think the duty to bargain, which is what they're talking about, and the statutory argument are vastly different. And I don't think that this really presents an issue of contract construction. And so I think that under the cases that the individual public defenders are in the class of people that are protected by this statute and that they have the cause of action. That's why we think that the lower court should be reversed. Okay. Thank you. I don't know whether I have any of my rebuttal time left over. We'll give you rebuttal time. I'm sure. Won't we, Mr. Chairman? Yes. Thank you. Presiding Justice. Thank you. Appreciate it. If I may please, once again, Karen Diamond, Assistant State's Attorney on behalf of the county. Your Honor, I'm not sure where you'd like to start in terms of questions, but if you'd like, I can just address. Why don't you start where you think you ought to start. All right. Well, let me just devote one minute to the first issue that was raised by my opponent, and that is whether or not the lower court abused its discretion in entering the order of October 4th. The issue of whether or not the labor board had exclusive jurisdiction is an issue that both parties did have an opportunity to brief. That was an argument that I made in my motion to dismiss. My opponent had an opportunity to brief that. So they did have an opportunity to make arguments about that. If they wanted further another opportunity to discuss that before the trial court, they could have filed a motion to reconsider after Judge Taylor made his decision of October 4th, but they elected not to. They chose to file a motion. Justice Cahill stated, you know, we have the noble review here. We ought to get to the issues of the case. Right, and I would encourage this Court to do so. The only other reason I was going to suggest in the interest of judicial economy, I think it would not make any sense to send this back to the trial court because there is a very good chance that we would be back here again on another appeal. So therefore, Your Honor, I would ask that this Court not remand the case to Judge Taylor to look at this issue again. Judge Taylor looked at one of the arguments that I made on a motion to dismiss and ruled on behalf of the county defendants for that reason. But I think there are several good reasons why the county defendants win in this case. And I think one of the first ones the Court should look at is whether or not the plaintiffs have a private right of action under Section 3-4008.1 of the county's code. It's clear that this part of the code was created in order to provide adequate representation to indigent defendants, to create a system that would benefit not only these indigent defendants, but the public in general in assuring that they got fair trials.  And it gives the public defender the independent authority to hire, fire, choose who to keep in his office and who to terminate. And what happened in the Burnett case, as Your Honor well know, is that Todd Stroger attempted to make that decision for the public defender. And the public defender really needed to come in and defend his statutory right to make that decision and to determine who was going to stay or not stay in his office because it's up to the public defender to decide how best to provide services to indigent defendants in the county of Cook. That was the issue that was before the Court in Burnett. There was no issue before this Court in Burnett with respect to the employees. The public defender had specifically stated he was not trying to advocate on behalf of any of the rights of his employees. in the Burnett matter. So this Court really had no occasion to reach that issue at all. And there's absolutely no discussion, nor should there have been any discussion in Burnett, as to whether or not employees have a private right of action under Section 3-4008.1 of the county's code. And if we look at that section of the code, I think it's fairly clear that this section was created not to provide benefits to employees, but to provide benefits for the public and indigent defendants. If we look at the language of it, the purpose of it, we can tell that they're the intended beneficiaries. And if this Court goes through the four factors that are necessary to look at to determine if the plaintiff is a member of a class for whether or not for the benefit, for whose benefit the statute was created, I think it's pretty clear that employees were not the intended beneficiaries. And I've cited a number of cases in my briefs where there have been instances where employees have tried to bring a cause of action based on a statute that was... One of an individual employee feels that the public defender is not adequately representing his rights as an employee. Exclusive of his rights under the Collective Bargaining Agreement. Does he have any rights exclusive of the Collective Bargaining Agreement? Well, certainly any individual employee can file a grievance. So any individual can file a grievance. They can bring it through the three-step process that's set forth in the Collective Bargaining Agreement. Collective Bargaining Agreements are drafted so that these... Is that the only way he should proceed? It is possible that an unfair labor practice could be filed by his union, and if his union wished to represent him and go forward in front of the labor board... And still go before the board. That's correct. So those would be the primary ways that the employee has an avenue of relief. But here, the employees really aren't objecting to any action by the public defender himself. They're objecting to what they consider to be an unauthorized action by the president of the county board. Mm-hmm. Correct. Correct, Your Honor. Now, as an employee of the county, as well as being an assistant public defender, why shouldn't they have a right? Well, Your Honor, the... To assert, I'd say. Right. A constitutional right to fair treatment, for example. Well, Your Honor, let's look at it this way. Assume there was no collective bargaining agreement, and these individuals were laid off. And then the public defender, as we know, took them back on as new positions opened up later in the year. No, but I'm talking about a president of the county board who usurps the power of the public defender. Right. And uses the employees himself. I would say, absent the collective bargaining agreement, they would have no right. They would have no right to get individual back pay. Certainly there have been many, many, many... They'd have no recourse at all, even though the action of the president of the county board was clearly guilty. Absent the collective bargaining agreement, absent an action in the labor board, I would say, yes, that's correct. They were laid off. They were not working during that period of time. But they weren't laid off legally. They, again, if they wanted to, through a collective bargaining agreement, they could file agreements, and they could grieve that. Other employees of the county who are laid off and who do not have the protection of a collective bargaining agreement do not necessarily have any action that they can bring to collect back pay when they haven't been working. All these employees were off for several months at least. Were not working during that period of time. And absent those protections, individual employees... May have no recourse. May have no recourse to collect pay. Even though the wrong person fires them. That's your position. That would be our position, yes, Your Honor. Does that seem to be a very fair position? Well, Your Honor, in this situation, what we need to recall is that these employees were laid off, actually, in the order they were... Illegally, actually, because they were laid off by the wrong officer. They were laid off by the wrong officer, but had they not been laid off by Todd Stroger, they would have been laid off by Burnett in any event. Not necessarily. Burnett might have chosen different people. Actually, he had to file the collective bargaining agreement seniority list, which would have been the same group of people. But in any event, Your Honor, I know that's not something... That doesn't give Stroger the right to do it. No, it doesn't give Stroger... Even though the right people might have accidentally been selected. It doesn't give Stroger the right to do it. Well, Your Honor, I don't know that there is any type of action that an individual employee could file if they were laid off. Unless they have a private right of action under the statute. If they did. If they did. Which I would suggest the legislature has made it clear that they don't, because they're not the intended beneficiaries of that action. Your Honor... Of course, that's for us to decide, isn't it? Yes, of course, Your Honor. Of course, Your Honor. Over the past few years, unfortunately, the county has had to lay off many people, and the employees in this group were fortunate in that they were able to be recalled. That doesn't mean that they're also entitled to get paid for the months during 2007 when they were not working. There's not necessarily an additional form of relief they have other than to have gone to the labor board or to go to arbitration. Arbitration probably would have been the preferable way for them to go. To file a timely grievance and to have the matter arbitrated. So they did have that avenue of relief, but for whatever reason chose not to pursue it. We've also argued in our brief that the labor board is the place where they should have filed an action if they were going to file it anywhere other than filing an arbitration. It has jurisdiction, exclusive jurisdiction over this matter. I'd like to just read a short quote from the Cessna decision, which indicates why it's appropriate for the labor board to have jurisdiction. In that case, the plaintiff was pursuing a claim against the city in circuit court, and the court found that to allow such a claim to go forward would undermine the act's stated purpose, that's the Labor Board Act, and frustrate the legislature's intent to provide a uniform body of law in the field of labor management relations to be administered by those who have the required expertise in the area. So it's this reason that the legislature intends matters of this nature to go to the labor board to be resolved by the labor board or alternatively through the arbitration process. And that would be true even if the wrong officer does the firing or the laying off? I would say yes, Your Honor, because these, as in the Quist case, there was in that case there was an allegation that there also was a violation of the statute. But because the matter involves labor employment relations, it really should go to the board. Now there are other cases. It should start there anyway. It should start there, yes. There are other cases such as the local 1274 case where the union had brought a FOIA claim. Now FOIA really is in a totally separate statute, and it provides rights that are totally separate from employment rights. And in that case the court let the plaintiffs go forward with that action because it was a different type of action that really didn't involve their rights as employees. So your argument would be that these employees could have gone to the board and simply argued that they were laid off by the wrong officer, and that wouldn't be an action that the board could address? They could file an unfair labor practice claiming that the contract was violated, they were not laid off by the correct person or in the correct fashion, and that the board could address that. Either ordering the employer to do the layoffs properly or to bargain over the manner in which the layoffs were conducted. Your Honor, I've also made other arguments in my brief, which I don't know that I need to elaborate on now unless this court has any questions about that. And unless the court has further questions, I will simply ask you to affirm the trial court's order dismissing this case. Thank you. I would just like to say a couple of things. The quote that the defendants cite with respect to the uniform body of law with respect to labor relations is exactly the point that we're trying to make here. This case does not involve the Labor Relations Act. It doesn't involve the duty department. It involves the authority of the president of the county board. And courts have been making decisions about the authority of public officers for decades, including decades before we ever had a labor act. So the appropriate body is the circuit court and the appellate court, not the specialized tribunal that deals with matters of collective bargaining. And I think what goes along with that is that the remedy of the labor board would be to go and bargain. The remedy that a court would give would be the layoff is illegal, you have to pay back pay. And those are two very different remedies. One is much more valuable to the union and one is much more valuable to the individual. Now, the local 1274 case is a very interesting case because one of the pieces of the duty to bargain under the Labor Act is the duty to give information when it's asked for. And so you could argue that your rights under the duty to bargain and get information and your rights under FOIA to get information are very close, and that therefore you should pursue the Labor Act first. But this court in that case rejected that contention and said because they are separate bodies of law, separate statutes that give people maybe parallel rights but not the same rights, they can be pursued independently. And that is the point that we're trying to make here. I think the courts heard our arguments with respect to whether a private cause of action exists. They are what they are. We think that if a private cause of action does exist, this is an easy case because of the court's decision in the Burnett case. And so we would ask for the Supreme Court decision to be reversed and the case remanded for appropriate action. Let me ask you one more question. Please. I think it's your position that if the collective bargaining agreements would show that some of the same people would have been laid off, that they still would have an independent cause of action because the wrong person laid them off? I think that that is correct. I think that... Well, I mean, you should know. Yeah, well, let me put it this way to you, Your Honor. We didn't pursue anything under the contract. I understand. Okay, there were no grievances run for labor practices filed. And because we never pursued anything, I personally have not examined in detail what would have happened in the seniority status of each of the people laid off. But it may well be that some of these people have identical collective bargaining and statutory rights. But I think our system of law allows those two things to run parallel to each other. And I also think that in both the sphere of collective bargaining and in the sphere of public law that we're talking about, that people have to mitigate their damages. And I think that that would have been required in any event here. And there may well be some sort of factual issue that we would litigate if there was a trial in this case that says, well, these people would have gotten laid off anyhow. But that's down the road here. I don't think that the court should make that decision at the start of the case. Couldn't they have done that if they had gone to the board initially? Well, the board doesn't have jurisdiction over contract disputes. The board only has jurisdiction over disputes that relate to bargaining. So they might have been able to pursue that through a grievance to an arbitrator. I'm saying to follow the process all the way through, if they got to the arbitration, couldn't the public defender have said, I would have laid off these same people anyway? They're not entitled to any relief. And if there had been an arbitration, that could have happened. But you're saying you don't think they had to pursue that. And I think that because they have rights under different bodies of law, they don't. Do you think there's a primary right to the statute as opposed to going with the board? Well, again, you've got three buckets. You've got your labor board right, which is the right to compel them to bargain. You've got your contract right, which is the right to follow whatever you agree to. And then you have the private cause of action here. And you don't think any one of them takes preference? I think that the employees of the union can decide which right to assert, yes. They're parallel. And I happen to think that when we're in that situation, and I'm in that situation a lot as representing employees in unions, we typically choose a course of action and follow it for various reasons in terms of what the law is, what the contract says, where we can get better relief, what the forms are like, all that sort of stuff that goes into letting a plaintiff choose where they want to go if they have a beef with someone. Thank you very much. Sure. It was a pleasure to hear this case, and it was a pleasure to read these briefs, and we'll take this case under advisement. Thank you, Your Honor.